## PAGE v. COCKRUM.

### Opinion delivered March 6, 1916

1. REDEMPTION—TIME.—A. loaned money to B., a mortgage being taken in C.'s name, C. being A.'s husband. C. brought a foreclosure proceeding, and the parties agreed that B. deed the mortgaged property to A., but that if B. should pay the debt within a year that A. would redeem the property to him. During the year certain creditors of C. brought garnishment proceedings against B. *Held,* B. had the right to have the garnishment proceedings disposed of before paying for the property under the agreement, and that his right of redemption, under the agreement, was not limited to the year named in the agreement.

2. MORTGAGES—CONSIDERATION—WIFE'S PROPERTY.—Where money was loaned to B., the note and mortgage being in the name of appellant's husband, *held,* under the evidence that appellant was the real owner of the consideration, and of the note and mortgage taken to secure the same.

Appeal from Baxter Chancery Court; *Geo. T. Humphries,* Chancellor; reversed in part, affirmed in part.

*Allyn Smith,* for appellant.

1. It is clear the money loaned was Mrs. Page's. It was error to hold that the contract of February 12, was a mortgage and that Cockrum had the right to redeem. A full breach of the original mortgage had been made. The mortgage and note had been merged in the chancery decree. The deed vested in Mrs. Page the fee simple title. Time was of the essence of the contract.

On failure to pay, the deed became absolute. 67 Kans. 758; 74 Pac. 249; 88 Ark. 299.

*S. W. Woods,* for appellees.

1. The right of appeal is barred. 80 Ark. 513; Kirby's Digest, § 1199.

2. If there was a debt existing the conveyance, whatever its form, is a mortgage. 40 Ark. 146; 75 *Id.* 551; 88 *Id.* 299; 106 *Id.* 583. Cockrum had the right to redeem.

3. Transfers by a man, to his wife, in a failing condition are looked upon with suspicion. 50 Ark. 42; 55 *Id.* 59; 73 *Id.* 174. The testimony shows that the money was the husband's. 84 Ark. 355; 74 *Id.* 161; 105 *Id.* 90; 50 *Id.* 2.

SMITH, J. Appellant alleged in the complaint which she filed that she loaned appellee Cockrum in July, 1903, the sum of $500, which was evidenced by a note for that amount and secured by a mortgage on the land in controversy. That this note was extended from time to time by the payment of the interest until an action was commenced to foreclose the mortgage. The note was made payable to the order of L. J. Page, who is appellant's husband; but it is explained that a Mr. Eatman prepared the papers and that when Mr. Page brought them to appellant to get a check for the amount of the loan she called attention to the error in the papers, but her husband explained to her that this would make no difference as the papers would be delivered into her possession and, assuming this was correct, she drew her check on the Farmers Bank at Siloam Springs for $500.00.

The foreclosure suit was brought in 1910 in the name of L. J. Page, and a decree was rendered ordering the property sold; but before the sale it was agreed between Cockrum and Mrs. Page that Cockrum and his wife should deed the land to Mrs. Page, and that she should execute a bond for a deed under which she agreed to deed the property back to Cockrum in case he paid the balance then due, with the interest thereon, within one year from the date.

About the time of this settlement a fire destroyed Mr. Page's store, as a result of which he became insolvent, and various creditors of the firm of which he was a member recovered judgments against him, and garnishments were run against Cockrum for the money alleged to be due to Page.

On the part of appellees it was denied that Mrs. Page owned the original indebtedness, and it is insisted that the warranty deed to her was a mere change in the form of the security and that the deed is, in fact, a mortgage.

Appellant contends that the deed is what it purported to be; that time was made of the essence of the contract to reconvey; that the title to the land was in her, and not in her husband; and she tendered back certain payments which had been made during the year under the bond for title.

The court found that, notwithstanding the expiration of the year, Cockrum still had the right to redeem the land, and that Mrs. Page was not entitled to a strict foreclosure as against him, and that the money originally loaned was the property of L. J. Page, and not that of his wife, and that the judgment creditors were entitled to apply the balance due by Cockrum upon its being paid into court to the satisfaction of their judgments against Mr. Page.

We think that the proof shows that the $500 was the individual money of Mrs. Page which she derived from the estate of her father, and that her husband acted as her agent and advisor in making the loan, as he was shown to have done in other loans which were made of her money, and that they were both solvent at that time, and regarded it as immaterial that the note was made payable to Mr. Page, instead of Mrs. Page, as the papers were delivered to her and retained in her possession, and the suit to foreclose was brought in her husband's name because the note was so made payable, but when the compromise and settlement was made the deed was taken in

her name because the transaction had been made for her benefit.

Appellant appears to have sold a farm which she inherited from her father for $3,100 cash just before she removed to this State. There was exhibited with her deposition a statement of her account with the bank, which showed it was kept in the name of both herself and her husband, and the account was similarly kept when it was transferred to a bank in the Indian Territory. Mrs. Page drew checks against this account and the check for the $500 which constituted the original loan, although it was drawn in the name of her husband. During this time Mrs. Page was shown to have made other loans, all of which were taken in her own name, and this particular loan was not so taken, according to the evidence in her behalf, because of the lack of specific directions to Mr. Eatman in the preparation of the papers. Mr. Page is an invalid, yet about the time of the original loan he transacted most of Mrs. Page's business for her, and Cockrum testified that in negotiating this loan he supposed he was borrowing the money from Mr. Page, as nothing was said to the contrary. Cockrum further testified that he was garnished by Mr. Page's creditors and that he thereafter made no further payments upon his loan evidenced by the deed and the bond for title, although Mrs. Page's attorney advised him to ignore the garnishments upon the ground that the money due by him was due to Mrs. Page; but he offered at the trial to pay the balance due by him to be applied under the direction of the court.

(1) We think the court was warranted in holding that Cockrum still had the right of redemption, and this is true even though the deed to Mrs. Page was not, in fact, a mortgage, because the garnishment arrested the payments. Cockrum had the right to require that the garnishment against him be dismissed, or disposed of before he could be required to continue his payments, and this is especially true when it is remembered that he had dealt with Mr. Page without knowledge of the existence

of his agency for his wife, and when he had reason to believe, and did believe, that the sum due by him was payable to Mr. Page. It is also shown that Cockrum offered to pay the balance due by him to Mrs. Page's attorney if they would protect him in the event the garnishment should be sustained against him, but they declined to accept his proposition and filed this suit.

So much of the decree as gave Cockrum the right to pay the balance due will be affirmed.

(2) We do not agree, however, with the court below in the application of the money so to be paid. We think the proof reasonably clear that the money did, in fact, originally belong to Mrs. Page, although her explanation of how and where she kept it is not entirely clear and satisfactory, yet at the time of the original loan she and her husband were both solvent. Nor do we think this is a case where the wife has permitted her husband to take charge of her property, to assume control over it, and use it as a basis of credit. It is not contended that any creditor of Mr. Page had knowledge of this transaction. It is true that the mortgage was recorded, but none of the payments made on it were endorsed on the margin of the record where the instrument was recorded, and it was apparently barred by the statute of limitations, so far as the contrary was disclosed by the records, before the credit was extended which formed the basis of the judgments upon which the garnishments issued.

The portion of the decree which directs the application of the balance due by Cockrum to the satisfaction of the judgments against Mr. Page will be reversed and the same is now ordered paid to Mrs. Page.

This appeal was perfected on October 16th, 1915, and it is insisted that, under the Act* of February 17th, 1915, amending section 1199 of Kirby's Digest, it was not taken in time. But we have held to the contrary in the recent case of *Shapard* v. *Mixon,* 122 Ark. 530.

---

*Act 62, p. 205-6 Acts 1915 (Rep.)